UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Duane Davis,                                        Case No. 10-40065

    Debtor.                                     Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

This order pertains to the Debtor's motion for stay pending appeal from an order granting relief from the automatic stay entered on March 29, 2010.

On January 4, 2010, the Debtor filed this Chapter 7 case pro se. On March 12, 2010, Barclays Capital Real Estate Inc., d/b/a HomeEq Servicing as servicer for the Bank of New York Mellon Trust Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust as servicer for U.S. Bank National Association as Trustee ("Creditor"), filed a motion for relief from the automatic stay under § 362(d)(1) and (2), and for in rem relief under § 362(d)(4)(B), with respect to certain property located at 25996 Labana Woods Drive, Taylor, Michigan 48180-9305 ("Property"). The motion alleged that the Creditor held a mortgage on the Property that was foreclosed, the Property was sold at a sheriff's sale on September 3, 2008, and a sheriff's deed was recorded on September 16, 2008. The motion further alleged that the statutory right to redeem from the foreclosure sale expired under applicable Michigan law on March 3, 2009, and that after the redemption period expired, the Creditor commenced eviction proceedings in state court to gain possession of the Property. The motion further alleged that the Debtor filed a bankruptcy case on October 2, 2009 (Case No. 09-70688) that was dismissed by the Bankruptcy Court on October 15,

2009 because of the Debtor's failure to file required documents. The motion further alleged that after the dismissal of the Debtor's first bankruptcy case, the Creditor again sought to gain possession of the Property through an eviction proceeding when the Debtor filed this second bankruptcy case on January 4, 2010.

On the same date that the Creditor filed the motion for relief from the automatic stay and for in rem relief with respect to the Property, the Creditor also filed an ex-parte motion under Fed. R. Bankr. P. 9006(c) to shorten the time for the Debtor to respond to the motion to ten days. On March 15, 2010, the Court entered an order granting the ex-parte motion to shorten the time to respond to the Creditor's motion. The Debtor did not respond to the motion. On March 26, 2010, the Creditor filed a certificate of no response to the motion. Because there was no timely response to the motion, based upon the certificate of no response filed by the Creditor, the Court entered an order on March 29, 2010 granting the Creditor's motion and providing both for relief from the automatic stay and for in rem relief with respect to the Property.

On March 31, 2010, the Debtor filed a "Motion for Appeal and Request for Stay Pending Appeal." The motion requests that the Court stay its order of March 29, 2010 granting the Creditor's motion for relief from the automatic stay and for in rem relief pending an appeal of such order filed by the Debtor with the United States District Court for the Eastern District of Michigan. On April 5, 2010, the Creditor filed an objection to the Debtor's motion for stay pending appeal. The Court has reviewed the Debtor's motion and the Creditor's response, and concludes that oral argument is unnecessary.

Fed. R. Bankr. P. 8005 governs a motion for a stay pending appeal of a bankruptcy court order. That rule provides that a motion for stay pending appeal "must ordinarily be presented to the

bankruptcy judge in the first instance." In deciding such motions, the Court "balances the traditional factors governing injunctive relief . . . ." Baker v. Adams County/Ohio Valley School Board, 310 F.3d 927, 928 (6th Cir. 2002). The factors to be considered are

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stay; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

Id. (citation omitted).

The Debtor's motion does not demonstrate that the Debtor has a strong and substantial likelihood of success on the merits of his appeal. First, the Debtor's motion for stay pending appeal does not offer any explanation for why the Debtor did not respond to the Creditor's motion for relief from the automatic stay and for in rem relief with respect to the Property. The Debtor's failure to timely respond to the motion indicates to the Court the Debtor's admission of the facts alleged in the motion. The Debtor's motion for stay pending appeal does not provide any basis to conclude that the Debtor is entitled to relief from that order.

Second, the Debtor's motion alleges that the Creditor does not have a claim to the Property because the sheriff's sale of the Property held on September 3, 2008 was not conducted by a person duly appointed under the applicable Michigan statutes. But the Debtor's motion provides no support for this conclusory allegation. The Debtor's motion consists of one paragraph that references a bankruptcy case filed by a different individual, and alleges that the bankruptcy court in that case made a determination that the individual that conducted a sheriff's sale in that case was not duly appointed. Those conclusory allegations are not sufficient to meet the Debtor's burden to show that there is a strong and substantial likelihood of success on the merits of his appeal. There is nothing contained in the Debtor's motion or in the Court's review of the entire file that would enable this

-3-

Court to find that the Debtor has a strong and substantial likelihood of success on the merits of his appeal.

The Court also finds that the Debtor has not shown that he will suffer any irreparable harm if this Court does not stay its order of March 29, 2010. All that this order accomplished is to permit the Creditor to proceed with respect to an eviction of the Debtor from the Property in state court and, pursuant to § 362(d)(4)(B) of the Bankruptcy Code, permit the Creditor to record a copy of the order granting in rem relief that shall be binding in any other bankruptcy cases purporting to affect the Property filed within two years after the date of the order. If the Debtor has a defense to the eviction proceeding, the Debtor is free to assert it in state court.

The Debtor does not address in his motion for stay pending appeal whether a stay would injure other interested parties. But it is clear to this Court that granting a stay pending appeal would simply enable the Debtor to continue to unnecessarily delay the Creditor and unnecessarily increase the Creditor's litigation expenses as it seeks to enforce its rights with respect to the Property. Finally, the Debtor's motion does not address any public interest issues that are affected by the Debtor's motion for stay pending appeal.

After considering the Debtor's motion for stay pending appeal, the Creditor's response, and a review of the entire court file, the Court is persuaded that the Debtor's motion for stay pending appeal must be denied. While the Court concludes that none of the factors support the Debtor's motion, it is especially clear that there is no showing of a strong and substantial likelihood of success on the merits of the Debtor's appeal from an order that was entered by this Court granting an uncontested motion for relief from the automatic stay and for in rem relief with respect to the Property. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion for stay pending appeal (docket entry no. 35) is denied.

```
Signed on April 07, 2010
                                            /s/ Phillip J. Shefferly
                                          Phillip J. Shefferly
                                          United States Bankruptcy Judge
```

-5-

10-40065-pjs    Doc 44    Filed 04/07/10    Entered 04/08/10 07:00:47    Page 5 of 5